# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DAVID LINT,

    Petitioner,

vs.

ELIZABETH ROBINSON,

    Respondent.

No. C05-0136

**ORDER**

_____

On February 20, 2007, this court mistakenly filed a Report and Recommendation concerning David Lint's application for a writ of habeas corpus (docket number 22). However, because Lint consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (docket number 8), this court converts the Report and Recommendation to an Order and now addresses the issue of a certificate of appealability.

## I. CERTIFICATE OF APPEALABILITY

In a habeas proceeding before the district court, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. See 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. See 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000); Carter v. Hopkins, 151 F.3d 872, 873-74 (8th Cir. 1998); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997);

1

Tiedeman, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox, 133 F.3d at 569 (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). See also Miller-El, 537 U.S. at 335-36 (reiterating the standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El, 537 U.S. at 338 (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that Lint failed to make the requisite "substantial showing" with respect to the claims he raised in his application pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court orders that a certificate of appealability pursuant to 28 U.S.C. § 2253 not be granted.

## II. CONCLUSION

This court incorporates its previous Report and Recommendation as an Order to dismiss Lint's habeas application. Lint is not entitled to relief pursuant to 28 U.S.C. § 2254. In addition, a certificate of appealability is denied.

2

For these reasons, **IT IS ORDERED**, Lint's application for a writ of habeas corpus is denied. The Clerk of Court is directed to enter judgment in favor of the respondent and to deny a certificate of appealability.

February 21, 2007.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT